## Ross Wetzell & Co. vs. The Mountain Oil Co.

(Decided January 5, 1911.)

### Appeal from Wayne Circuit Court.

1.  Land—Boundary—Ascertainment of Boundary—Evidence of Old Citizens.—In this action to locate the boundary of two tracts of land, one of 50 and one of 30 acres, which had been located and

surveyed about the years 1850 or 1851 by one Phipps, the trial court ordered a survey which disclosed that neither survey was actually run out on the ground where it was taken up. Held, that the courses and distances of the survey made by the trial court, and the corners now standing are in accordance with the claim and settlement of Phipps. Old people acquainted with the lines when Phipps lived there, testified that the course adopted by the trial court's order was the true course.

2. Correction of Mistake—Known Marked Corners.—It was the duty of the trial court to correct those mistakes by ascertaining the facts as to the true location of the lines and corners by making a new survey so as to ascertain the facts—known marked corners controlling all other evidence.

HARRISON & HARRISON, STONE & AARON and McQUOWN & BECKHAM for appellant.

EDWARD P. MORROW, W. R. CRESS and CRESS & CRESS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Whether certain oil wells are embraced within the patent lines of two certain patents to Peter Phipps, one for 50 acres issued in 1850, and the other for 30 acres issued in 1851, is the question of fact presented by this appeal. The determination of the fact depended upon the correct location of the 50 acre patent, and of one of the lines of the 30 acre patent. A large volume of evidence was taken. Several surveys of the land were had. Several maps were produced at the trial showing the respective claims of the parties, and theories of the surveyors. It was disclosed that neither survey was actually run out on the ground—at least at the points in dispute—when the land was taken up by Phipps. They were "call lines", that is, taking certain known corners, the surveyors supposed that certain courses and distances would include the land intended to be patented. There is no doubt that the surveyors were mistaken in their assumptions. Still Peter Phipps, and the adjacent owners, supposed that the lines as run actually covered the land intended to be patented. Acting on that, they built division fences, and Phipps built a house, cleared fields and lived upon his land for many years and until his death without his title being disputed. The corners now standing are in accordance with the claim and the settlement of Phipps. The facts bear out the theory of the plaintiff (appellee) that such was his intention, and that the lines as now located by the trial court were

those actually intended in the original survey. The purpose of the survey was to appropriate the lands which Phipps intended to take up and which he in fact settled upon and improved. The correct running of the lines, being made to yield their courses and distances so as to reach the actual corners adopted by the pre-emptor, is that found by the circuit court.

Of the 30 acre patent, one line, the one in dispute runs north 76 poles to a stake; thence to another known corner. Allowing the variation of 2 degrees for the 60 years since the survey was made, the correct running of the line is N. 2 degrees E. 76 poles; thence the same variation to the next known corner. That was done by the circuit court's judgment. But it is insisted that there is old marked timber along that line on the due north course, which should control. If it were true that this timber were marked as a line of that survey it would control. But it was not, we are morally sure. It was all a "called" survey. No corner was marked for it, unless it was the second. These hacked trees are along an old path or footway through the woods—probably the blazed way of the early settlers. There is no other accounting for them. They are not shown to have marks of the same age as the survey, which might have been done if it were the truth.

Old people, acquainted with the lines when Peter Phipps lived there, testified that the course as adopted by the trial court's judgment was the true course as claimed by Phipps forty or fifty years ago.

Copies of the plat as made by the surveyors when the lands were first surveyed, are relied upon to show that the 50 acre survey was of a different shape from that adopted by the trial court. A "stake" patent, being made up in an office, and not on the ground, is very apt to be consistent in shape with its calls. It throws no light on how the conceded corners might affect its shape when run out on the ground. They merely confirm the mistakes of the surveyors.

The duty of the court was to correct those mistakes by the true facts concerning the location of the lines and corners—known marked corners controlling all other evidence.

We perceive no error.

Judgment affirmed.